UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA :

- against - :

MIGUEL RODRIGUEZ, JR., :

Defendant. :

------------------------------------x

**MEMORANDUM DECISION & ORDER**

97 Cr. 817-8 (DC)

**APPEARANCES:**

JAMES M. McDONALD
United States Attorney for the
Southern District of New York
By: Mostafa Khairy
Special Assistant United States Attorney
26 Federal Plaza, 37th Floor
New York, New York 10278

MIGUEL RODRIGUEZ, JR.
Defendant *Pro Se*
BOP Register Number 40763-054
USP Victorville, P.O. Box 3900
Adelanto, California 92301

**CHIN, Circuit Judge:**

On November 24, 1998, following a jury trial, defendant Miguel Rodriguez was convicted of conspiracy to distribute heroin and distribution of heroin in violation of 18 U.S.C. §§ 841, 846. Dkt. 277. On March 3, 1999, I sentenced him to life imprisonment. *Id.* I denied Rodriguez's previous motion for compassionate release

pursuant to 18 U.S.C. § 3582(c)(2), as modified by the First Step Act (the "FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). *See* Dkt. 556. Rodriguez, proceeding *pro se*, filed the instant motion for compassionate release on October 24, 2025, but this time under 18 U.S.C. § 3582(c)(1) arguing that extraordinary and compelling reasons and the 18 U.S.C. § 3553(a) factors weigh in favor of early release. *See* Dkt. 641 ("Def's Mot.") at 21-31. For the reasons set forth below, the motion is DENIED.

**BACKGROUND**

**A.** ***The Facts and Procedural History***

The underlying facts and procedural history of Rodriguez's case are set forth extensively in prior orders, and I summarize them here only as is relevant to the instant motion for compassionate release. Rodriguez was a leader of the Maisonet Organization, which distributed large amounts of heroin from 1994 through 1997. Presentence Investigation Report ("PSR") ¶¶ 34, 36, 40; Dkt. 652 ("Gov't Opp.") at 1. The organization operated "24 hours per day, 7 days per week, and trafficked at least $100,000 worth of heroin on a daily basis." PSR ¶ 34.

While pending trial, Rodriguez and other members of the Maisonet Organization conspired to have a cooperating witness physically attacked -- they arranged for him to be slashed "from his mouth to his ear on both sides of his face." *Id.*

¶ 46.[1] Thereafter, as the witness's face was scarred, Rodriguez taunted the cooperating witness by asking him, "how do you like your new face, . . . the rat?" *Id.*

In November 1998, a jury convicted Rodriguez of conspiracy to distribute heroin and distribution of heroin. Dkt. 277. In March 1999, I sentenced Rodriguez to a mandatory term of life imprisonment, followed by five years of supervised release. *Id.* At sentencing, I noted that while it gave me "no great satisfaction" to impose a life sentence on Rodriguez, when considering his prior conviction for attempted murder, his involvement in the slashing of at least one cooperating witness, and his role in the large-scale operation that was the Maisonet Organization, a sentence of life imprisonment was appropriate. Sent. Tr. at 14-15.

**B.** ***Rodriguez's Requests for Compassionate Release***

As noted above, Rodriguez moved for compassionate release in 2019 under U.S.C. § 3582(c)(2). Dkt. 552. I denied the motion after determining his Guidelines range would have remained life imprisonment and he was not eligible for a sentence reduction under § 404(b) of the FSA because his conviction involved heroin. Dkt. 556.

---

1 The Government also alleged that the same individuals were involved in the slashing of another cooperating witness. *See* Dkt. 287 ("Sent. Tr.") at 8-10. As no evidentiary basis had been provided for the assertion, I amended the PSR to note that it was the Government's assertion without making a finding. *Id.* at 11.

In the instant motion, Rodriguez moves for compassionate release under 18 U.S.C. § 3582(c)(1) arguing that: (1) he would not face the same mandatory life sentence if he were convicted today; (2) he has demonstrated a serious and lengthy effort toward rehabilitation; and (3) the § 3553(a) factors weigh in favor of release. *See* Def's Mot. at 21-31. The Government opposes his motion. Gov't Opp. at 1.

Rodriguez is now 62 years old and has been incarcerated for nearly 30 years. *See* Def's Mot. at 37.

## DISCUSSION

### A. *Applicable Law*

Section 3582(c)(1)(A) provides that a court may reduce a defendant's sentence if, after the defendant has exhausted his administrative remedies, the court finds that "extraordinary and compelling reasons warrant such a reduction," considering the § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A). "[T]he defendant bears the burden of showing that a reduction is warranted." *United States v. Clark*, No. 97 Cr. 817 (DC), 2021 WL 1066628, at *3 (S.D.N.Y. Mar. 18, 2021).

The U.S. Sentencing Guidelines Manual enumerates specific reasons that qualify as extraordinary and compelling. U.S.S.G. § 1B1.13. While rehabilitation itself is not a listed extraordinary and compelling reason warranting a sentence reduction, it may be considered alongside other circumstances. *Id.* § 1B1.13(d). Moreover, courts are not constrained by the reasons articulated in § 1B1.13 and may "consider the full slate of

[such] reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020); *see also* U.S.S.G. § 1B1.13(b)(5).

If a defendant has met his burden of proving extraordinary and compelling circumstances, the court must then weigh the § 3553(a) factors -- namely, the nature and circumstances of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to provide the defendant with needed medical care; and the need to avoid unwarranted disparities in sentences. *See* 18 U.S.C. § 3553(a); *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam).

**B.** ***Application***

The Government concedes that Rodriguez has exhausted his administrative remedies. Gov't Opp. at 4. First, I analyze whether Rodriguez's motion has set forth sufficient extraordinary and compelling reasons warranting a sentencing reduction, and I conclude that it has not. Second, I consider whether the § 3553(a) factors support a sentence reduction, and I conclude that they do not.

**1.** ***Extraordinary and Compelling Reasons***

Rodriguez makes two arguments in support of his motion. First, he argues that if he were sentenced today, he would not be subject to a mandatory life

sentence. Def's Mot. at 23-27; Dkt. 655 ("Def's Reply") at 2-4.[2] This argument is to no avail. In denying Rodriguez's previous motion, I concluded that his Guidelines range would remain life imprisonment. Dkt. 556. Although it may no longer be mandatory, such a sentence is still, in my view, appropriate considering Rodriguez's conviction, criminal history, and participation in slashing a cooperating witness prior to trial. *See* Sent. Tr. at 14-15.

Second, Rodriguez argues that he has made a substantial effort toward rehabilitation. Def's Mot. at 27-29; Def's Reply at 4. In support of his argument, Rodriguez notes that he has not had a "serious infraction since 2011, and his last infraction for possessing a dangerous weapon" was in 2010. Def's Mot. at 27. He also notes that he "has maintained employment with the BOP federal work system, . . . taken several re-entry level programs aimed toward self-improvement," and completed "courses, educational programs, and life skills programs" focusing on "a broad array of professional and life skills, including [p]arenting, [a]nger [m]anagement, and [t]rauma." Def's Reply at 4. Documents attached to his motion, such as program reviews, support these efforts and assertions. *See* Def's Mot. at 37-41. The Government, while opposing this argument, concedes that Rogriguez has incurred relatively few disciplinary infractions while in custody. Gov't Opp. at 7. Nonetheless, this argument also fails.

2 To the extent Rodriguez argues, as he did in his 2019 motion, that Amendment 782 of the FSA deems his sentence unusually long and makes him eligible for a sentence reduction, that argument is rejected for the reason articulated in the Court's previous order. *See* Dkt. 556.

The Court commends Rogriguez for his efforts to stay out of trouble over the last 15 years and rehabilitate himself. Those efforts, however, do not amount to extraordinary and compelling reasons that would warrant compassionate release. As discussed, rehabilitation alone does not constitute an extraordinary and compelling reason for release. *See* U.S.S.G. § 1B1.13(d); *Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling is that rehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason." (citation modified)); *see also United States v. Carlton*, No. 05 Cr. 796 (PGG), 2022 WL 17104061, at *7-8 (S.D.N.Y. Nov. 22, 2022).

**2. *Section 3553(a) Factors***

The factors set forth in § 3553(a) also weigh against Rodriguez's early release. First, the nature and circumstances of Rodriguez's offenses do not support a sentence reduction. *See* 18 U.S.C. § 3553(a)(1). Rodriguez was a leader of the Maisonet Organization, which operated "24 hours per day, 7 days per week, and trafficked at least $100,000 of heroin on a daily basis." PSR ¶¶ 34, 36. The managers and supervisors of the organization "reported directly to Rodriguez," who was responsible for trafficking over thirty kilograms of heroin during his participation in the enterprise. *Id.* ¶¶ 40, 42. Reducing Rodriguez's sentence would not reflect the severity of these offenses or deliver just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Second, Rogriguez's history and characteristics, as well as the need for deterrence and protection of the public, also weigh against a reduction. *See* 18 U.S.C. § 3553(a)(1)-(2). In addition to the instant offenses, Rodgriguez was previously convicted of attempted murder in an instance where the victim eventually died. PSR ¶¶ 64-68. He was also involved in the slashing of a cooperating witness's face leading up to trial. *Id.* ¶ 46. This history demonstrates a pattern of behavior reflecting Rodriguez's disregard of the law. Given the seriousness of Rodriguez's crimes and the extent to which they endangered others, a reduction in sentence would undermine the need to provide just punishment and afford adequate deterrence.

Thus, while the Court considers Rodriguez's post-sentencing rehabilitation efforts as part of his history and characteristics, those efforts are not enough to overcome both his pre-sentencing history and the remaining 3553(a) factors. *See United States v. Williams,* No. 00 Cr. 1008-1 (NRB), 2026 WL 2185555, at *5-6 (S.D.N.Y. July 29, 2026).

**CONCLUSION**

For the reasons discussed, Rodriguez's motion for a sentence reduction is hereby DENIED.

The Clerk of Court is respectfully directed to mail a copy of this Order to Rodriguez at his last known address.

SO ORDERED.

Dated: New York, New York
September 9, 2026

DENNY CHIN
United States Circuit Judge
Sitting by Designation